ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PRODUCTOS MAMA DELIA, INC.<br><br>Parte Apelada<br><br>v.<br><br>HIRAM GONZÁLEZ GERENA, MOISÉS CARABALLO MORALES Y JUAN MANUEL GALÁN<br><br>Parte Apelante | KLAN202400147 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Civil Núm.: UT2023CV00570<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) Interdicto Posesorio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de mayo de 2024.

Comparecen los señores Hiram González Gerena, Moisés Caraballo Morales y Juan Manuel Galán (en adelante los apelantes) y solicitan que revoquemos la Sentencia emitida el 23 de enero de 2024, y notificada el 24 de enero de 2024, por el Tribunal de Primera Instancia, Sala de Utuado (TPI). Mediante el referido dictamen, el foro de instancia declaró con lugar la demanda de interdicto posesorio instada por la parte apelada, Productos Mamá Delia, Inc. (PMD o parte apelada) y ordenó a los apelantes remover la verja construida por éstos y restituir la posesión de la finca a PMD, así como el pago de $1,000.00 en honorarios de abogado por temeridad.

Por los fundamentos que expondremos a continuación, y con el beneficio de la comparecencia de PMD, se confirma la

determinación de temeridad y el pago de honorarios de abogados impuestos a los apelantes en la sentencia apelada.

## I.

El 11 de diciembre de 2023, PMD presentó una Demanda Jurada de Interdicto Posesorio. En ésta, solicitó la expedición del interdicto para recuperar la posesión material de su propiedad y que ordenara a los apelantes el cese de los actos de dominio ejercidos por éstos, consistentes en instalar una verja con postes y alambres de púas, con el propósito y efecto de privarle el acceso a su finca, así como de su derecho a continuar el goce y disfrute pacífico del inmueble y su operación de actividad comercial agrícola.

El 15 de diciembre de 2023, los apelantes presentaron su contestación a la demanda. En síntesis, negaron haber realizado actos con la intención de despojar a PMD de la posesión de su finca. En cuanto a la verja, los apelantes adujeron que está dentro de los límites de su propiedad.

El 22 de diciembre de 2023, el TPI celebró la vista sobre interdicto posesorio. Las partes comparecieron representadas por sus respectivos abogados. El foro primario recibió prueba testifical de ambas partes. La prueba documental consistió en dieciocho documentos[1], los que se admitieron por estipulación de las partes. Evaluada la prueba desfilada, el foro primario dictó la *Sentencia* cuya revisión nos ocupa y en la que formuló las siguientes determinaciones de hecho:

1. La Demandante Productos Mama Delia Corp. ("PMD") es una corporación íntima con fines de lucro organizada bajo las leyes del Estado Libre Asociado de Puerto Rico

---

[1] Exhibit 1-Carta del 6/julio/2023; Exhibit 2-Foto #5; Exhibit 3-Foto #6; Exhibit 4-Foto #7; Exhibit 5-Foto #8; Exhibit 6-Foto #2; Exhibit 7-Carta con fecha 18/octubre/2023; Exhibit 8-Informe de Incidente de la policía del 1/julio/2023; Exhibit 9-Patente Municipal año 2012; Exhibit 10-Patente Municipal año 2021; Exhibit 11-Patente Municipal año 2023; Exhibit 12-Permiso de Uso 321874; Exhibit 13-Permiso de Uso 321875; Exhibit 14-Factura Energía Eléctrica año 2017; Exhibit 15-Factura Energía Eléctrica año 2018; Exhibit 16-Factura de LUMA año 2023 (consta de 4 folios); Exhibit 17-Agricultor Bonafide 29/diciembre/2009; Exhibit 18-Certificación Agricultor Bonafide (año 2010).

y registrada ante el Departamento de Estado con el número 191550.

2. El Sr. Luis F. González Gerena es el Presidente y accionista de PMD y como tal tiene la autoridad para representarla y ejercitar sus derechos en esta acción judicial.

3. PMD es dueña en pleno dominio de la siguiente propiedad localizada en el Municipio de Utuado; con la siguiente descripción registral:

> A: RUSTICA: Parcela de terreno radicada en el Barrio Ángeles de Utuado con una cabida superficial de once (11.00) cuerdas, más o menos equivalentes a cuatro hectáreas, treinta y dos áreas, treinta y cuatro centiáreas y cuarenta miliáreas. En lindes por el Norte, con Gregorio Pérez Roldán; por el Sur, con Salustiano Vélez Nieve[s]; por el Este, con Andrés y Juana González Díaz y por el Oeste, con Juan Modesto González. Es segregación de la finca 6,470 inscrita al folio 15 del tomo 213 de Utuado.

> -Inscrita al Folio ciento noventa y cuatro (194), del Tomo doscientos setenta y cuatro (274) de Utuado, Finca once mil cuarenta (11,040).ado: (sic).

4. El demandado Hiram Modesto González Gerena es mayor de edad, casado con Abdia Feliciano Díaz, comerciante y vecino de Manatí, P.R.

5. El demandado Moisés Caraballo es mayor de edad, comerciante y vecino del Bo. Ángeles, Sector El Componte, Utuado, P.R. 00641.

6. El demandado Juan Manuel Galán es mayor de edad y vecino de Bo. Ángeles, Utuado, P.R. 00641.

7. PMD fue certificada por el Departamento de Agricultura como: "Agricultor Bonafide" el 29 de diciembre de 2009 (Exh. 17) y opera un cultivo hidropónico en la Carretera 6602, Bo. Ángeles, Sector La Altura, Utuado, Puerto Rico, en la finca ante[s] descrita, desde el año 2009.

8. La prueba documental acredita la expedición de Permiso de Uso Hidropónico por la Administración de Reglamentos y Permisos número 321874, fechado 14 de mayo de 2010 (Exh. 12).

9. La demandante PMD presentó prueba documental que acredita que el Municipio de Utuado le ha expedido patentes municipales para cultivo de alimentos en invernadero, incluyendo el año 2023 (Exh. 9, 10, 11).

10. La testigo Madeline Rodríguez Rosado, estableció que es empleada de PMD por muchos años y desde que PMD inició operación, accede al área de trabajo por el

camino en brea que discurre desde la Carretera 6602 hasta las estructuras (umbráculos hidropónicos), que actualmente se encuentran bloqueados por la verja instalada a la entrada del camino lo que ha provocado que no se pueda cultivar nada. Declaró que como parte de sus funcione lleva a cabo tareas de empaque, siembra, cultivo, mantenimiento y limpieza en el sistema hidropónico. Explicó que, para ejecutar las tareas de limpieza, se requiere ocupar el mencionado camino para poder introducir la tubería de cincuenta pies dentro del sistema de tubería hidropónica, pero aclaró que, al presente, la verja de púas y alambres instalada por la parte demandada no le permite realizar las tareas de mantenimiento, por lo que no se puede realizar trabajos de cultivo en esa área. Estableció que hace 20 años estaban los umbráculos y que ella y los empleados usaban el camino bloqueado para llegar a los umbráculos; que la finca no tiene otra entrada para llegar en carro que no sea la que fue bloqueada.

11. Surge de la prueba documental fotográfica (cinco fotos) contenida en los Exhibits 2 al 6, que se instaló una verja con postes de madera con alambres de púas al borde de la Carretera 6602 e inmediatamente al frente de las estructuras de cultivo que impiden el paso al camino de brea que conduce al área de cultivo y la finca antes descrita donde ubica el cultivo que ilustran las fotos.

12. Durante el testimonio del codemandado Hiram M. González Gerena, este admitió que fue [é]l quien instaló la verja. También admitió que previo a la instalación fue notificado por Luis Francisco González Gerena el 6 de julio de 2023, mediante correo electrónico donde se le pidió que no instalara la verja ni interrumpiera el acceso al camino que conduce al cultivo de PMD, lo que posteriormente hizo sin la autorización de la parte peticionaria. Reconoció que para el fin de semana de acción de gracias de 2023 ya sabía de dos advertencias del hermano del 1 de julio y 7 de julio para que no levantara verja, pero aun así contrató a Moisés Caraballo para poner verja y la montaron. Se le mostraron varias fotos de los exhibits 2 al 6 y reconoció que los postes que se observan están en la carretera ramal 6602, que el camino entre tierra y piedra que se observa conduce a los umbráculos y afirmó que puso alambre de púas con el propósito de evitar paso de camino para que robaran productos y que las verjas impiden camino al área de umbráculos propiedad de Productos Mama Delia.

13. El codemandado Moisés Caraballo Morales admitió que ayudó voluntariamente al codemandado Hiram M. González Gerena a la instalación de la verja y que sabe que al poner la verja se limitó el camino hasta los umbráculos.

14. El testigo Luis Francisco González Gerena, presidente de PMD, declaró que la operación agrícola de PMD se originó en el año 2009, originalmente bajo contrato de arrendamiento, hasta que se adquirió el

inmueble mediante escritura de compraventa en la fecha del 20 de abril de 2022. También declaró que la operación agrícola se ha extendido ininterrumpidamente hasta el presente, período por el cual ha estado en posesión de la finca junto con el camino que hoy día se encuentra obstruido por la verja instalada por Hiram M. González Gerena; que ha poseído PMD desde el año 2009. Declaró que el sábado 1 de julio de 2023, el codemandado Hiram M. González Gerena, estaba junto a otras personas en su propiedad, que incluye el camino donde se instaló la verja. En esa ocasión, el testigo les pidió a las personas que estaban instalando la verja que suspendieran las labores y salieran de su propiedad, lo que hicieron posteriormente. Explicó que ese mismo día presentó la querella 2023-11-273-000734, en la Policía de Puerto Rico (Exh. 8). También declaró que posteriormente, el 6 de julio de 2023 le escribió una carta al Sr. Hiram M. González Gerena que envió por correo electrónico sobre el incidente antes descrito, en la que le informó su interés de resolver la controversia fuera del tribunal y le advirtió que no podía imponerse por la fuerza, privar el acceso al camino y que no podía permitir que levantara una verja y lo dejara sin acceso a la finca de su propiedad, sin su autorización o mediante un acuerdo justo (Exh. 1). Sin embargo, el codemandado Hiram M. González Gerena no le respondió. Estableció que el fin de semana de Acción de Gracias del mes de noviembre de 2023, la parte demandada instaló la verja objeto de esta acción, le cerraron el acceso y no pudo entrar el auto, siendo perturbada y despojada de la posesión y tenencia de la propiedad la parte peticionaria, lo que ha interrumpido e impedido las labores de cultivo en las estructuras hidropónicas donde se instaló la verja hasta el presente. Estableció que, al día de hoy no hay acceso a los ranchos; y que durante el año anterior a este pleito PMD ha estado en posesión del lugar en donde están las verjas.

15. El 18 de octubre de 2023, el representante legal del codemandado Hiram M. González Gerena dirigió una comunicación al abogado de la parte demandante y en lo pertinente, indicó que concedía treinta (30) días para que la parte demandante reaccionara a una certificación de mensura, ello sin acompañar plano de mensura alguno. Además, advirtió que vencido el término (de 30 días) se habría de "preparar una verja de acuerdo a los puntos expresados por el Agrimensor"; con la advertencia de que la parte demandante debería "preparar una entrada a su finca por otro lugar" (Exh.7).

16. La prueba admitida demuestra que la parte demandada-peticionada hizo valer su advertencia de que instalaría una verja, lo cual hizo en noviembre del año 2023, luego de su carta de 18 de octubre de 2023, ello a pesar de que la parte peticionaria se encontraba en posesión del área donde se instaló la verja, razón por la cual la parte peticionaria presentó el recurso de autos.

En sus conclusiones de derecho, el TPI señaló que la prueba testifical y documental estableció de manera incontrovertida la existencia de un camino embreado que conduce de la Carretera 6602 hasta las estructuras de cultivo hidropónicos de PMD. También concluyó que PMD demostró estar en la posesión real de la finca desde el año 2009, incluyendo la posesión dentro del año precedente a la presentación de la demanda. Al respecto, el foro primario destacó que la prueba documental había corroborado los testimonios de los testigos de PMD, a los que atribuyó entera credibilidad. Mencionó que los apelantes no habían presentado prueba en apoyo de sus defensas, así como tampoco rebatieron la alegación de PMD sobre la ocupación y posesión ininterrumpida de la finca desde el año 2009.

A su vez, el TPI consignó que la actitud de los apelantes de optar por construir una verja - a pesar de las comunicaciones previas cursadas por PMD para levantar un plano de mensura en ánimo de resolver la controversia de forma extrajudicial – para luego negar responsabilidad sobre las alegaciones en su contra y dejar de presentar prueba en apoyo de sus defensas, había propiciado un pleito judicial innecesario. Más aun cuando los apelantes habían informado al tribunal su intención de presentar una acción judicial de deslinde.

En virtud de lo anterior, el foro primario declaró Con Lugar la demanda sobre interdicto posesorio instada por PMD. En consecuencia, ordenó a los apelantes remover a su costo la verja y todos sus componentes que limitaban el paso desde el camino de la Carretera 6602 hasta las estructuras de cultivo hidropónicos de PMD. También les ordenó restituir a PMD la posesión de la finca y el camino, y que se abstuvieran de perturbar, despojar e inquietar la posesión que PMD disfrutaba sobre su finca desde 2009. Además,

condenó a los apelantes al pago de $1,000.00 en concepto de honorarios de abogado por temeridad.

Inconformes, el 6 de febrero de 2024, los apelantes presentaron una *Moción Informativa y Solicitud de Reconsideración* al amparo de la Regla 47 de las de Procedimiento Civil. En ésta, informaron que, en cumplimiento con la sentencia emitida, removieron el portón de acceso al camino embreado que conduce a la Carretera 6602 y abrieron la entrada a la finca que da acceso a las estructuras de cultivos hidropónicos de PMD. En cuanto a la solicitud reconsideración, ésta recayó solamente sobre la determinación de temeridad que dio lugar a la imposición de honorarios de abogado.

Por su parte, PMD presentó *Moción en Oposición a Moción Informativa y Reconsideración.* Sostuvo que los apelantes no cumplieron con la totalidad de lo ordenado en la sentencia, ya que el dictamen requirió la remoción de la verja con todos sus componentes, y no solamente la eliminación de los portones. Respecto a la solicitud de reconsideración de honorarios de abogado por temeridad, PMD señaló que procedía imponer tales honorarios porque los apelantes promovieron de forma frívola e innecesaria un pleito que se pudo evitar.

El 12 de febrero de 2024, notificada el 13 de febrero de 2024, el TPI emitió *Resolución* en la que dio por cumplida, parcialmente, la sentencia y ordenó a los apelantes remover el resto de la verja con todos sus componentes que limitan el paso desde el camino embreado hasta las estructuras de cultivo hidropónico propiedad de PMD. Además, declaró No Ha Lugar la solicitud de reconsideración de honorarios de abogado por temeridad.[2]

---

[2] El 15 de febrero de 2024, notificada en esa misma fecha, el TPI emitió *Resolución Enmendada Nunc Pro Tunc,* con idéntico lenguaje/pronunciamiento. Esta se distingue de la resolución emitida el 12 de febrero de 2024 únicamente en el tamaño de la letra y en que los incisos están enumerados.

Insatisfechos con el dictamen, los apelantes acuden a este foro intermedio y formularon los siguientes señalamientos de error:

A. Erró el Tribunal de Primera Instancia en su Sentencia dictada al conceder una posesión a la parte Demandante Productos Mamá Delia, Inc., representada por Luis Francisco González Gerena, sin esta parte presentar de que poseía tal derecho mediante un contrato firmado por la otra parte para que la Demandante-Apelada así lo hiciera, lo cual consiste en un error de derecho.

B. Erró el Tribunal de Primera Instancia al imponer unos honorarios por temeridad cuando en realidad la Parte Demandada-Apelante hizo todas las gestiones para que se reconociera que la parte Demandante-Apelada, Productos Mamá Delia, Inc., representada por don Luis Francisco González Gerena, no tenía derecho a posesión alguna porque no estaba autorizada, lo cual también consiste en otro error de derecho.

Por su parte, PMD presentó su *Alegato Parte Apelada* el 27 de marzo de 2024. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

**II.**

En su primer señalamiento de error, los apelantes cuestionan, por primera vez, la decisión del TPI de declarar con lugar la solicitud de interdicto posesorio presentada por PMD. En específico, plantean que, en ausencia de un contrato que autorizara a PMD a operar el negocio de productos hidropónicos, no se probó el derecho de PMD a mantenerse en la posesión del inmueble.

Sin embargo, según se desprende de la moción de reconsideración, ésta se limitó a una sola controversia, entiéndase la imposición de honorarios de abogado por temeridad. Dicha moción no se fundamentó en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes y con las conclusiones de derecho materiales atinentes a la concesión del interdicto posesorio.

**A.**

Es norma conocida que los foros apelativos no pueden considerar una controversia que no fue planteada en el tribunal de instancia, a menos que sea necesario para evitar una injusticia manifiesta.[3] Empero, un tribunal no debe negarse a considerar la cuestión planteada por primera vez en apelación si ésta no suscita ninguna controversia de hecho y solo implica una cuestión de derecho cuya solución basta para dictar en apelación un decreto final.[4]

La moción de reconsideración es el mecanismo provisto por nuestro ordenamiento jurídico para modificar las órdenes, resoluciones y sentencias. Su objetivo principal es dar oportunidad a los tribunales para enmendar o corregir sus errores.[5] Además, evita que las partes incurran en los gastos que conlleva la presentación de un recurso de revisión.[6]

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, establece que la parte afectada por una sentencia dictada por el Tribunal de Primera Instancia podrá presentar una moción de reconsideración dentro del término jurisdiccional de quince días contado desde la fecha en que el tribunal archive en autos de copia de la sentencia, resolución u orden. Cuando el dictamen es una sentencia, el término es jurisdiccional; si se trata de resoluciones u órdenes, el plazo es de cumplimiento estricto.[7] La solicitud de reconsideración interrumpe automáticamente el plazo para acudir en alzada para todas las partes y este vuelve a transcurrir una vez se archiva en

---

[3] *Ortiz v. Holsum,* 190 DPR 511, 527 (2014); *ELA v. Northwestern Selecta,* 185 DPR 40, 55 (2012)*; Granados v. Rodriguez Estrada I,* 124 DPR 1, 46-47 (1989).

[4] *ELA v. Northwestern Selecta,* supra, pág. 56, citando a *Piovanetti v. Vivaldi,* 80 DPR 108, 122 (1957).

[5] *Simons y otros v. Leaf Petroleum Corp.,* 209 DPR 216, 223-224 (2022); *Medina v. Mc Neil Healthcare LLC,* 194 DPR 723, 731 (2016); *Mun. de Rincón v. Velázquez Muñiz,* 192 DPR 989, 996 (2015).

[6] *Medina v. Mc Neil Healthcare LLC,* supra.

[7] *Simons y otros v. Leaf Petroleum Corp.,* supra, pág. 224; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014).

autos copia de la resolución que resolvió la moción de reconsideración. Regla 47 de Procedimiento Civil, *supra.*

Ahora bien, para saber si una moción de reconsideración interrumpió el término para acudir en alzada, una vez el foro adjudicativo evalúe que la presentación y la notificación fueron oportunas, resta que examine la particularidad y especificidad de los hechos y el derecho que el promovente entiende que el tribunal debe reconsiderar.[8] Así pues, la Regla 47 de Procedimiento Civil, *supra,* establece de manera clara que [l]a moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estiman que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales".

En *Morales y otros v. The Sheraton Corp.,* supra, el Tribunal Supremo explicó que, salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento será suficiente para cumplir con la regla.[9]

**B.**

La moción de reconsideración presentada por los apelantes ante el TPI se circunscribió a solicitar que dicho foro revisara la imposición de los honorarios de abogado por temeridad. Dicha moción no incluyó planteamientos de naturaleza sustantiva referentes a la decisión del tribunal de declarar con lugar la demanda de interdicto posesorio. Por consiguiente, la moción de reconsideración – limitada a la controversia de la imposición de honorarios de abogado por temeridad - no tuvo el efecto de

---

[8] *Simons y otros v. Leaf Petroleum Corp.,* supra.
[9] Véase, además, *Colón Burgos v. Marrero Rodríguez,* 201 DPR 330, 338-339 (2018).

interrumpir el término para recurrir ante este Tribunal a impugnar los méritos de la sentencia. Esto pues, porque en ésta los apelantes no cuestionaron ni hicieron una exposición específica y particular sobe los hechos y el derecho relacionados a la figura del interdicto posesorio.

La moción de reconsideración no solo tenía que ser oportuna, sino también específica. Por otro lado, tampoco estamos ante circunstancias que nos muevan a concluir que el dejar de atender el señalamiento de error conlleve una grave injusticia. Así pues, colegimos que el primer señalamiento de error apuntado en este recurso concierne a un asunto no planteado oportunamente ante el TPI y, por tanto, nos adherimos a la norma vigente de que en apelación nos abstendremos de adjudicar cuestiones no planteadas ante el foro de primera instancia.

Siendo así, nuestra facultad revisora se ciñe a revisar el asunto de la imposición de honorarios de abogado por temeridad, por ser la controversia sobre la cual los apelantes interrumpieron el término para apelar.

**III.**

**A.**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, establece lo referente a la concesión de costas y honorarios de abogado(a) a favor de una parte. Específicamente, la citada regla permite a los tribunales imponer el pago de una suma por concepto de honorarios de abogado a una parte que actúa con temeridad durante el proceso judicial.[10] A esos efectos, el inciso (d) de la Regla 44.1 de Procedimiento Civil, *supra*, dispone:

> (d) En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de

---

[10] *SLG González Figueroa v. SLG et al.,* 209 DPR 138, 145 (2022).

honorarios de abogado que el tribunal entienda correspondan a tal conducta [...].

El Tribunal Supremo ha definido el concepto temeridad como la actuación terca, obstinada, contumaz y sin fundamentos, de un litigante que obliga a la otra parte innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito.[11] La conducta temeraria es una actitud que se proyecta sobre el procedimiento y afecta el buen funcionamiento y administración de la justicia.[12]

El Tribunal Supremo también ha resuelto que no es temerario quien plantea asuntos complejos y novedosos, sobre los cuales no existan precedentes vinculantes, o cuando exista alguna desavenencia honesta en cuanto al derecho aplicable a los hechos del caso. Por el contrario, ha dicho que es temeraria una parte que insiste contumazmente en sus alegaciones sin prueba fehaciente alguna que las sostenga, que niega los hechos que le constan o son de fácil corroboración y dilata los procedimientos judiciales para no responder por sus obligaciones.[13]

Ahora bien, la determinación de temeridad es un asunto discrecional de los tribunales de primera instancia y los tribunales apelativos solo pueden intervenir cuando aquellos se exceden en el ejercicio de su discreción.[14] El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de Procedimiento Civil, *supra*, tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla.[15] No obstante, hay que señalar que el Tribunal Supremo ha relevado del pago de honorarios de abogado a litigantes que pierden un pleito donde hubo

---

[11] *SLG González Figueroa v. SLG et al.*, supra, págs. 148-149.
[12] *Íd.*, pág. 149.
[13] *Íd.*
[14] *Íd.*
[15] *Íd.*

controversias fácticas reales que requerían el examen de la prueba testifical y documental.[16]

**B.**

En su segundo señalamiento de error, los apelantes aducen que el TPI incidió al imponerles el pago de $1,000.00 de honorarios de abogado por temeridad.

El TPI concluyó que los apelantes fueron temerarios al construir una verja - a pesar de las comunicaciones previas cursadas por PMD para levantar un plano de mensura en ánimo de resolver la controversia de forma extrajudicial – para luego negar responsabilidad sobre las alegaciones en su contra y dejar de presentar prueba en apoyo de sus defensas, propiciando así un pleito judicial innecesario.

La decisión del TPI acerca de si una parte se condujo o no de forma temeraria es de naturaleza discrecional. Por ello, nuestra intervención se sujeta únicamente a las instancias en que el foro sentenciador haya abusado de su discreción. Del expediente ante nuestra consideración surge que las actuaciones de los apelantes ocasionaron gastos, molestias e inconvenientes a PMD. Los apelantes no presentaron evidencia para refutar la determinación de temeridad, que se basó en la apreciación de prueba del tribunal. Por tanto, en ausencia de indicios de arbitrariedad o abuso de discreción por parte del TPI, estamos impedidos de intervenir con la determinación de temeridad y la cuantía impuesta por dicho concepto.

**IV.**

Por los fundamentos que anteceden, se confirma la determinación de temeridad y el pago de honorarios de abogados impuestos a los apelantes en la sentencia apelada.

---

[16] *Santos Bermúdez v. Texaco P.R., Inc.,* 123 DPR 351, 357-358 (1989).

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones